IN THE MATTER OF:

    Ricardo Taylor

S.S.#__**xxx-xx-3493**_____
                and
    Terri Taylor

                                 CASE NO.   10-43995

S.S.#__**xxx-xx-8795**_____    Debtor(s)   CHAPTER 13
                                     JUDGE Shefferly
_____/

## CHAPTER 13 PLAN

    [ ] Original **OR** [ X ] Modification #  **2**          [ X ] pre-confirmation **OR** [ ] post-confirmation

I. **PLAN PAYMENTS & DISBURSEMENTS**
This is the debtor's(s') latest Chapter 13 Plan. The following Classes of claims are established for payment from funds available by the Trustee except those identified as "direct payments" as indicated herein.

    A.      The commitment period for this plan is no less than **36** months.
    B.      The debtor shall make payments in the amount of **$1752.40 per month** for **60** months ($472.08 per bi-weekly from husband and $759.56 per month from wife)
    C.      Plan length: **60** months, commencing on the date of entry of the Order Confirming Plan, which shall also be the effective date of the Plan. The Trustee is hereby authorized to automatically adjust the Plan length an additional six (6) months to accomplish the purposes of this Plan, but in no event shall this Plan last more than five years.
    C. 1.   Debtor commits 100% of all tax refunds received or entitled to after commencement of the case except for the provisions contained in Section II.N herein.
    D.      Treatment of claims
         1.     Class One - Administrative Expenses
             a.    *Trustee fees* as determined by statute.
             b.    *Adequate Protection payments*: Debtor shall make adequate protection payments to the secured creditors designated in Class 5 a. or the Executory Contracts and/or Unexpired leases of personal property designated in Class 3, unless otherwise indicated, directly to the Trustee, pursuant to II. N. Disbursement of adequate protection payments shall be paid as follows:

| CREDITOR | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|
| **1.** BMW Financial Services | 2000 Mercedes | $222.00 |
| **2.** | | |

             c.    *Attorney fees and costs*: An agreed fee of $ **3,000.00** less amounts paid as reflected in the Rule 2016(b) Statement, leaving a balance due of $ **3,000.00** plus costs advanced in the amount of $ **0.00** which totals $ **3,000.00**. Said sum to be paid at the rate of $ **3000.00** per month.

         2.     Class Two - Continuing Claims: Those secured claims on which the last payment is due beyond the length of the Plan [11 U.S.C. §1322(b)(5)]. To the extent such claims are non-modifiable pursuant to 11 U.S.C. § 1322(b)(2), the Trustee shall adjust the monthly payment to such creditors upon compliance by the creditor with L.B.R. 3015-1(a)(9)(E.D.M.) and the debtor shall

increase Plan payments as needed for such compliance.

    a.    Post-Confirmation

| Creditor/Collateral | Monthly Payments |
|---|---|
| **Beneficial HSBC** <br> **1291 Featherstone, Pontiac, MI** | **926.33** |
| **Beneficial HSBC** <br> **1291 Featherstone, Pontiac, MI** | **239.70** |

    b.    Post-Petition/Pre-Confirmation Arrears- (TO BE PAID IN FIRST 12 MONTHS):

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Time to Cure |
|---|---|---|---|---|
| **-NONE-** | | | | |

3.    Class Three - Executory Contracts and/or Unexpired Leases [11 U.S.C. §1322(b)(7) and 11 U.S.C. §365]

    a.    Continuing, Post-Petition Obligations:

| Creditor/Collateral | Assume/ Reject/ Assign? | If assumed, regular payment per month | Lease/Contract expiration date |
|---|---|---|---|
| **-NONE-** | | | |

    b.    Pre-Petition Obligations:

| Creditor/Collateral | If assumed, amount of Default | If assumed, number of months to cure from confirmation date + interest rate | If assumed, monthly payment on cure |
|---|---|---|---|
| **-NONE-** | | | |

4.    Class Four - Arrearage on Continuing Claims [11 U.S.C. §1322(b)(5)]
Pre-Petition Arrears:

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Number of months to cure from confirmation date |
|---|---|---|---|---|
| **Beneficial HSBC** <br> **1291 Featherstone, Pontiac, MI** | **12909.74** | **0.0** | **215.16** | **60** |
| **Beneficial HSBC** <br> **1291 Featherstone, Pontiac, MI** | **1018.80** | **0.0** | **16.98** | **60** |

5. Class Five - Non-continuing Secured Claims: Secured claims other than those listed in Classes Two and Four on which the last payment will become due within the Plan duration.

a. Purchase Money Security Interest in Personal Property. Secured claims other than those listed in Classes Two, Four, and Five b., on which the last payment will become due within the Plan duration.

| Creditor/Collateral | "Crammed down" [11 U.S.C. 1325(a)(5)] or modified [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Monthly Adequate Protection Payment | Total to Pay (Incl. Interest) | Number of months from confirmation date |
|---|---|---|---|---|---|---|---|
| **BMW Financial Services** **2000 Mercedes S430** | **Crammed down** | **3500.00** | **4.0%** | **64.25** | **222.00** | **3854.98** | **60** |
| **American General Finance** **1991 Toyota Land Cruiser** **Not running** | **Surrender Property** | **200.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0** |

b. Other Secured Claims

| Creditor/Collateral | "Crammed down" [11 U.S.C. 1325(a)(5)] or modified [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Total to Pay (Incl. Interest) | Number of months from confirmation date |
|---|---|---|---|---|---|---|
| **Oakland County Treasurer** **1291 Featherstone, Pontiac, MI** | **Modified** | **90,000.00** | **12%** | **95.85** | **5750.96** | **60** |
| **City of Pontiac Water Dep** **1291 Featherstone, Pontiac, MI** | **Modified** | **90,000.0** | **12%** | **25.24** | **1514.65** | **60** |

6. Class Six - Priority Unsecured Claims

a. Non-Assigned Domestic Support Claims [11 U.S.C. §1322(a)(2)]

| Creditor | Amount | Interest Rate |
|---|---|---|
| **NONE** | | |

b. Assigned Domestic Support Obligations [11 U.S.C. §1322(a)(4)]

| Creditor | Amount | Interest Rate |
|---|---|---|
| **NONE** | | |

    c. All Other Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]

| Creditor | Amount | Interest Rate |
|---|---|---|
| **NONE** | | |

7. <u>Class Seven - Special Unsecured Claims</u> shall be paid in full and concurrently with Class Eight General Unsecured Claims.

| Creditor | Amount | Interest Rate | Reason for Special Treatment |
|---|---|---|---|
| **-NONE-** | | | |

8. <u>Class Eight - General Unsecured Claims</u> shall be paid **1** % of such amounts with interest at the rate of **0.00** % per annum. This Plan shall provide either the percent stated or shall continue for the length stated, whichever will offer the greater dividend to general unsecured creditors in this class.

9. Other Provisions: Insert as necessary

## II. GENERAL PROVISIONS

A. **THIS PLAN FOLLOWS THE TRUSTEE'S PLAN IN ALL RESPECTS, WITH THE EXCEPTION OF:**
   **I.C.1, II.I., II.N.**

B. **VESTING, POSSESSION OF ESTATE PROPERTY AND LIEN RETENTION**: Upon confirmation of the Plan, all property of the estate shall vest in the debtor [11 U.S.C. §1327(b)]. The debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

C. **SURRENDER OR ABANDONMENT OF COLLATERAL**: Upon confirmation the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

D. **PROHIBITION AGAINST INCURRING POST-PETITION DEBT**: While this case is pending, the debtor shall not incur a debt in excess of $1,000.00 without first obtaining approval from the Court.

E. **UNSCHEDULED CREDITORS FILING CLAIMS**: If a pre- or post-petition creditor is not listed in the Chapter 13 Schedules, but files a proof of claim, the Trustee is authorized to classify the claim into one of the existing classes under this Plan and to schedule the claim for payment within that class.

F. **PROOFS OF CLAIMS FILED AT VARIANCE WITH THE PLAN**: In the event that a creditor files a proof of claim that is at variance with the provisions of this Plan, the following method is to be employed to resolve the conflict:

1. Regarding claims for which the Plan does not propose a "cramdown" or modification, the proof of claim shall supersede the Plan as to the claim amount, percentage rate of interest, monthly payments, classification of the claim, percentage of interest on arrears, if any, but the proof of claim shall not govern as to the valuation of collateral.

2. As to claims for which the Plan proposes a "cramdown" or modification, the proof of claim governs only as to the claim amount, but not with respect to any of the other aforementioned contractual terms.

3. If a holder of a claim files a proof of claim at variance with this Plan or related schedules, the Trustee shall automatically treat that claim as the holder indicated, unless provided otherwise by order of the Court.

4. A proof of claim or interest shall be deemed filed under 11 U.S.C. §501 for any claim or interest that appears in Classes Two, Three, Four or Five of this plan, except a claim or interest that is disputed, contingent or non-liquidated and labeled as such in this plan. Unless otherwise ordered by the Court, adequate protection payments shall not be paid to claims designated in Class 5 a. which do not meet the requirements in II.N.

    **NOTE:** Debtor reserves the right to object to any claim.

G. **TAX RETURNS AND TAX SET-OFFS**: All tax returns which have become due prior to the filing of this Plan have been filed except the following (see L.B.R. 2083-1(E.D.M.) regarding non-filed returns):
    **-NONE-**

H. **DEBTOR ENGAGED IN BUSINESS**: [ ] If the box to the immediate left is "checked", the debtor is self-employed **AND** incurs trade credit in the production of income from such employment.
    1. 11 U.S.C. §1304(b) and (c) regarding operation of the business and duties imposed upon the debtor are incorporated herein by reference.

    2. The debtor shall comply with the provisions of L.B.R. 3015-1(a)(8) and 2003-2(a)(b) (E.D.M.) unless the Court orders otherwise.

I. **ORDER OF PAYMENT OF CLAIMS**: Class One a. and b. claims shall be paid in advance of all claims, Class One c. claims in advance of all others, then Classes Two and Five(a) together (if sufficient funds are not available to pay both Classes Two and Five(a) in full, then each Class Two and Five (a) claim shall be paid pro rata), then Three in advance of all remaining classes, then Classes Four and Five(b), then Class Six unless the consent of a non-assigned domestic support claimant is not obtained, payments shall be made pursuant to 1322(a)(2), and then Classes Seven and Eight shall be paid as stated in each respective section. [LBR 3015-1(a)(5) (E.D.M.)]

J. **WORKSHEET**: The worksheet on a form available from the clerk's office, is required by L.B.R. 3015-1(b)(2) (E.D.M.). It is attached hereto and incorporated herein by reference.

K. **CONFLICT OF DEBT AMORTIZATION**: If the amortization figures conflict with respect to those stated in Class 2b, Class 3, Classes 4 Class 5, the time to cure shall be paramount, and the Trustee shall make alterations to implement this statement.

L. **DEBTOR DUTY TO MAINTAIN INSURANCE**: Debtor shall maintain all insurance required by law and contract upon property of the estate and the debtor's property. After confirmation of this Plan, if the debtor fails to maintain full coverage collateral protection insurance as required above, any party in interest may submit an affidavit of default and in the event that the default is not cured within ten (10) days from the date of service of the affidavit upon the debtor, debtor's counsel and the Trustee, said party may submit an Order Granting Relief from the Automatic Stay as to the collateral to the Court along with a further affidavit attesting to the debtor's failure to cure. Said Order shall be granted without motion or hearing.

M. **ENTRY OF ORDERS LIFTING STAY**: Upon entry of Order Lifting Stay, no distributions shall be made to the secured creditor until such time as an amended claim is filed by such creditor.

N. **POST-PETITION / PRE-CONFIRMATION TAX REFUNDS**
1. Debtor wife filed her 2009 Federal tax returns on or about 4/15/10.
2. Debtor wife received approximately $6312.00 for her 2009 Federal tax refunds.
3. Debtor wife operates a day care facility in her home. Debtor's home needs several repairs to keep her day care certification through the State of Michigan.
4. Debtor wife sent copies of her 2009 Federal tax returns and expense verification on or about 6/3/10. Said documents are available to any creditor upon request.
5. Debtor husband filed his 2009 Federal tax returns on or about 4/15/10.
6. Debtor husband received approximately $4997.00 for his 2009 Federal tax refunds.
7. In the Debtors household, there is only one working vehicle. Debtor husband desires to repair an inoperable vehicle into working condition and perform needed repairs to the one working vehicle. These repairs will keep reliable transportation in the household.
8. In addition, Debtors daughter is in need of immediate dental care. Debtor husband desires to use the remaining of his tax refund for this unanticipated expense.
9. Debtor husband sent copies of his 2009 Federal tax returns and expense verification on or about 6/3/10. Said documents are available to any creditor upon request.
10. Upon confirmation of this plan, Debtors shall be excused from submitting to the Chapter 13 Trustee their 2009 Federal income tax refund in $11,309.00.
11. Debtors commit 100% of all future tax refunds received or entitled to after confirmation of the case.

O.  **LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY [LBR 3015-1(b)(1)]**:

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| **PERSONAL RESIDENCE** | **90,000.00** | **135,273.26** | **0.00** | **0.00** | **0.00** |
| **VEHICLES** | **4,500.00** | **25,800.00** | **600.00** | **600.00** | **0.00** |
| **HHG/PERSONAL EFFECTS** | **5,500.00** | **0.00** | **5,500.00** | **5500.00** | **0.00** |
| **JEWELRY** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| **CASH/BANK ACCOUNTS** | **133.00** | **0.00** | **133.00** | **133.00** | **0.00** |
| **OTHER** | **1801.00** | **0.00** | **1801.00** | **1801.00** | **0.00** |

Amount available upon liquidation............................................................................... $ **0.00**

Less administrative expenses and costs ..................................................................... $ **0.00**

Less priority claims...................................................................................................... $ **0.00**

Amount Available in Chapter 7 .................................................................................... $ **0.00**

| | |
|---|---|
| **/s/ Tadd R. Klimmek** | **/s/ Ricardo Taylor** |
| **Tadd R. Klimmek P64616** | **Ricardo Taylor** |
| Attorney for Debtor | Debtor |
| **Klimmek and Roose PLC** | **/s/ Terri Taylor** |
| **29829 Greenfield Rd,, Suite 102** | **Terri Taylor** |
| **Southfield, MI 48076** | |
| | |
| klimmekroose@yahoo.com | |
| **248-331-1200 Fax 248-331-1203** | **5/25/10** |
| Phone Number | Date |

**WORKSHEET**

1. Length of Plan is _____ weeks; __**60**__ months; _____ years.

    Debtor #1:

2. $ __**1752.40**__ per pay period x __**60**__ **( monthly)** pay periods per Plan = $ __**105,144.00**__ total per Plan

    Debtor #2:

    $ _____ per pay period x _____ ( ) pay periods per Plan = $ _____ total per Plan

3. $ _____ per period x _____ periods in Plan = _____

4. Lump Sums: **0.00**

5. Estimated Equals total to be paid into the Plan **105,144.00**

6. Estimated trustee's fees **6,834.60**

7. <u>Estimated Attorney fees and costs</u> **3,000.00**

8. Estimated Total priority claims **0.00**

9. Estimated Total installment mortgage or other long-term debt payments **69,961.80**

10. Estimated Total of arrearage including interest **13,928.54**

11. Estimated Total secured claims, including interest **11,120.59**

    Estimated Total of items 6 through 11    $ **104,845.53**

12. Estimated Funds available for unsecured creditors (item 5 minus item 11)    $ **298.47**

13. Estimated Total unsecured claims (if all file)    $ **21,935.25**

14. Estimated percentage to unsecured creditors under Plan (item 12 divided by item 13)    **1%**

15. Estimated dividend to general unsecured creditors if Chapter 7, (see liquidation analysis attached)    $ **0.00**

COMMENTS: